**Reliance Elevator Company, Appellee, v. Michael Zimmer, Sheriff, et al., and Arthur A. Franzke, Appellants.**

**Gen. No. 21,305.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed December 27, 1916.

## Statement of the Case.

Bill by Reliance Elevator Company, complainant, against Michael Zimmer, sheriff of Cook county, August Franzke and Arthur A. Franzke, defendants, to procure the delivery to complainant of a master's certificate of sale of certain property, and the payment to him of moneys received by the sheriff for the redemption of the real estate described therein. From a judgment for complainant, defendants appeal.

The bill of complaint in the cause recited that the complainant purchased certain real estate sold at the master's sale and received the master's certificate; that it never assigned or sold the certificate to any person, and that the defendant Arthur A. Franzke, who claimed to be its owner, had no right, title or interest in or to the certificate.

One J. A. Coleman was employed as the attorney for the complainant in the proceedings which resulted in the sale of the property for which the certificate of sale was issued. Complainant desired to realize money on the certificate, and, through its officers, discussed the matter with Coleman, who told them that the LaSalle Street National Bank might make a loan. Thereupon it was indorsed "Reliance Elevator Company, per A. C. C. Anderson, Secy., C. E. Anderson, Pres.," with the name of the LaSalle Street National Bank written

just above the indorsement, and in that condition was turned over to Coleman. This was some time in the summer of 1912, and on October 2nd of that year, Coleman sold and delivered the certificate to one Clark, for $1,600 in cash. At that time, the words, "LaSalle Street National Bank" had been erased by some chemical wash, and Coleman had written over and directly to the left of the signature of the Reliance Elevator Company the following words: "The Reliance Elevator Co. hereby assigns this claim and certificate to J. A. Coleman." About one inch underneath was written by Coleman: "I assign this certificate to —————— and guarantee the validity thereof and to render all services in regard thereto free of charge. J. A. Coleman." At the time of the transaction, Mr. Clark wrote his name in the blank, and December 4, 1912, notified the master that he had purchased the certificate. December 9, 1912, Clark assigned the certificate to the defendant Arthur A. Franzke for a consideration of $2,280.80. The erasure was done in such a way that it could have been discovered only upon a very careful examination of the certificate. Complainant learned of the Franzke claim some time in February, 1913, and in March, 1913, made a demand upon the sheriff for the payment to the company of the redemption money. The sheriff refused to comply because the company did not have physical possession of the certificate, and thereupon the bill was filed. Both Mr. Clark and Mr. Topliff acted, in all respects, in good faith. These facts were found by the master. The master further found that there was no negligence on the part of the complainant or its officers; that the equities were with the complainant, and that it was entitled to a decree. The chancellor approved the master's report, and entered a decree in favor of the complainant.

EDWIN L. WAUGH, for appellants.

WILKERSON, CASSELS & POTTER, for appellee; EDWIN H. CASSELS and BLANCHE A. O'CONNOR, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. JUDICIAL SALES, § 38*—*when question whether indorsement of master's certificate in blank is legal assignment is immaterial.* On a bill by the rightful owner of a certificate of sale of property, which certificate had been delivered to complainant's attorney for the purpose of procuring a loan from a specified bank, against a sheriff and a subsequent assignee who derived title through an illegal assignment by such attorney, to compel the delivery of such certificate of sale and the payment of moneys received by the sheriff for redemption of such real estate described therein, *held* that the question whether an indorsement of the master's certificate in blank constituted a legal assignment was immaterial.

2. ALTERATION OF INSTRUMENTS, § 10*—*when question of estoppel of principal by leaving instrument indorsed in blank with attorney is not involved.* On a bill by the rightful owner of a certificate of sale of property against the sheriff and a subsequent assignee, deriving title through an illegal assignment to compel the delivery of such certificate of sale and payment of money received by the sheriff from the redemption of real estate, where such certificate was turned over to an attorney by the owner for the purpose of procuring a loan, *held* that the question whether one who has indorsed an instrument in blank and left it with his attorney is estopped to deny the ownership of a bona fide purchaser, was not involved.

3. ALTERATION OF INSTRUMENTS, § 2*—*what constitutes material alteration of certificate of sale.* Where a master's certificate of sale of property is delivered by the owner to his attorney for the purpose of procuring a loan and contains an indorsement by the owner with the name of a specified bank written just above the indorsement, the erasure of the name of such bank constitutes a material alteration where made without authority of the owner.

4. ALTERATION OF INSTRUMENTS, § 14*—*when alteration of certificate of sale by attorney is not a mere spoliation.* The contention that the erasure of the name of the bank above an indorsement of the owner of a master's certificate of sale which had been delivered to the owner's attorney for the purpose of securing a loan is a mere

†See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

spoliation which does not invalidate the instrument when done by an agent of the party, is without force where it appears that such attorney had no authority to make such alteration and it is apparent from the use of the name of the bank above the indorsement that it was the intention of the owner to limit the attorney's authority to transfer title only to such bank.

5. ALTERATION OF INSTRUMENTS, § 14*—*when principal is not negligent in leaving certificate of sale indorsed in blank with attorney.* The owner of a master's certificate of sale of property who delivers such certificate of sale to his attorney with an indorsement of the owner's name thereof and the name of a bank written just above the indorsement is not negligent in leaving such instrument in the hands of such attorney, although such attorney alters such instrument and makes it payable to himself and by assignment procures money therefor.

6. ALTERATION OF INSTRUMENTS, § 15*—*what are rights of purchaser of certificate of sale illegally altered.* One who purchases a master's certificate of sale from an attorney, to whom such certificate had been delivered with an indorsement of the owner's name thereof and the name of a specified bank written just above such indorsement for the purpose of procuring a loan from such bank, procures no title or interest where such attorney erases the name of the bank above such indorsement and inserts his own name and words of assignment.

7. ALTERATION OF INSTRUMENTS, § 15*—*when decree compelling surrender of certificate of sale illegally altered and assigned by attorney not inequitable.* On a bill by the owner of a master's certificate of sale of property to compel the holder of such certificate who had procured it through an illegal assignment by an attorney of the owner, to which attorney the owner had delivered such certificate with his indorsement thereon and the name of a specified bank written just above such indorsement for the purpose of obtaining a loan from such bank, to compel the delivery of such certificate of sale, and to compel a sheriff to pay to him moneys received for the redemption of such real estate, *held* that the decree was not subject to the objection that it did not require the complainant to do equity, since it did not in any way empower the attorney to defraud any one and the loss was due solely to the attorney's wrongful act.

O'CONNOR, P. J., dissenting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.